IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL HOLLINS,

    Plaintiff,

v.                                          Civil Action No. 5:09CV63
                                                       (STAMP)
WARDEN JAMES P. CROSS and
EXE. ASST. R. MYERS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Michael Hollins, proceeding pro se,[1] filed a complaint on June 9, 2009, asserting constitutional claims against the defendants. Because the plaintiff is a federal prisoner, his constitutional claims are evaluated under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which established a direct cause of action under the Constitution of the United States against federal officials for violation of federal constitutional rights. Bivens, 403 U.S. at 397. This matter was referred to United States Magistrate Judge David J. Joel for an initial review and report and recommended disposition pursuant to Local Rule Prisoner Litigation Procedure 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

According to the complaint, the plaintiff alleges that the prison has systematically circumvented the appeals process by: (1) denying the plaintiff grievance forms and refusing to distribute grievance applications to prevent the plaintiff from lodging a complaint; (2) failing to respond to his complaints within the allotted time constraints specified for each level review as required by Program Statement 1330.13 of the Administrative Remedy Procedure; (3) failing to sign, log, or register grievances to ensure factual dates of receipt and delivery times; (4) failing to provide pertinent information such as tracking numbers, event dates, and form issuances and returns; and (5) failing to afford an address or other information to forward a complaint. The plaintiff states the refusal to follow the procedures of the Bureau of Prison ("BOP") has denied him his right to due process and the opportunity to address his concerns by the administrative remedy process and his access to the United States District Court. The plaintiff seeks $100,000.00 from each defendant.

The defendants filed a motion to dismiss. The defendants first argue that the plaintiff's claims are not actionable under <u>Bivens</u> because federal prisoners have no constitutional right to participate in the Bureau of Prisons' administrative grievance proceedings. Next, the defendants contend that the plaintiff's claims against the defendants should be dismissed because <u>respondeat superior</u> is not applicable in a <u>Bivens</u> action. The

defendants then state that this Court should dismiss the plaintiff's claims for failure to exhaust all available administrative remedies. Finally, the defendants argue that they did not violate the plaintiff's right to access to the courts and that they are entitled to qualified immunity.

The magistrate judge entered a report on February 22, 2010, recommending that the defendants' motion to dismiss be granted and that this Court dismiss the plaintiff's complaint with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, no objections have been filed. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, the defendants' motion to dismiss must be granted, and the plaintiff's complaint must be dismissed with prejudice.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes

are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

A. Failure to Exhaust

The magistrate judge recommended that the plaintiff's civil action be dismissed against the defendants for failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under any federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 524.13. The BOP's formal administrative process is

structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, as noted in the magistrate judge's recommendation, the plaintiff grieved six different issues at USP - Hazelton. The magistrate judge discussed all six administrative proceedings. The plaintiff exhausted only one of his grievances, which complained

that items of his property were lost when he transferred from USP - Coleman to USP - Hazelton. The warden denied the grievance at issue in this case, which complained that the administrative remedy process is not timely, on March 2, 2009. The plaintiff appealed to the regional level on March 13, 2009. The regional level responded on September 11, 2009. The plaintiff had not filed an appeal to the Office of General Counsel by the time of the filing of the defendants' motion to dismiss.

Because the plaintiff did not exhaust his administrative remedies on the issue of whether the administrative remedy process is timely, this Court finds that the magistrate judge's report and recommendation as to exhaustion is not clearly erroneous. The plaintiff has not timely and properly exhausted his administrative remedies for the events giving rise to the plaintiff's claims. Therefore, this Court finds that the plaintiff's claims against the defendants must be dismissed for failure to exhaust administrative remedies.

B.  <u>Access to the Courts</u>

The plaintiff alleges that by circumventing the administrative remedies appeals process, the defendants denied his right to due process and his opportunity to address his concerns via the administrative remedy appeals level review and through the United States courts. Federal inmates have no constitutional right to participate in the Bureau of Prisons' administrative grievance

proceedings.  Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Because there is no constitutional right to participation in administrative proceedings, the plaintiff has failed to state a claim under Bivens.  This conclusion does not mean that claims such as the plaintiff's, that employees at the Bureau of Prisons allegedly prevented him from pursuing his complaints through the administrative process, are without a remedy.  Conduct which makes the administrative remedy process unavailable to inmates opens the door to proceedings on the merits of their claims without requiring exhaustion of administrative remedies.  Murphy v. Inmate Systems Management, Inc., 2008 WL 793631 (S.D. W. Va. 2008) (unpublished). The magistrate judge correctly concluded that the plaintiff cannot pursue a claim only alleging fault with the administrative remedy process.

The First Amendment protects the right of the people to petition the government for redress of grievances.  U.S. Const. amend. I.  This protection includes the right of inmates to "adequate, effective and meaningful access" to the Courts.  Bounds v. Smith, 430 U.S. 817, 822 (1977).  "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries, or adequate assistance from prisoners trained in the law."  Id. at 828.  To state a claim for denial of access to the

7

courts, an inmate must both specify concrete allegations and identify an actual injury resulting from official conduct. <u>Cochran v. Morris</u>, 73 F.3d 1310 (4th Cir. 1996).

Here, the plaintiff has only made a bare claim that Bureau of Prisons employees deprived him of his right to pursue his claims in federal court. The plaintiff has failed to show that he could not file a specific case because he had not exhausted his administrative remedies. The magistrate judge points to six actions filed since September 19, 2008 in addition to this action. None of the six actions have been dismissed for failure to exhaust administrative remedies. Accordingly, because the plaintiff has failed to show that he has suffered any specific harm or prejudice to his right of access to the courts, he fails to state an access to the courts claim upon which relief can be granted.

C.  <u>Respondeat Superior</u>

The plaintiff has failed to allege any personal involvement on the part of the defendants. Rather, the plaintiff relies on a theory of <u>respondeat superior</u>, which cannot form the basis of a claim for violation of a constitutional right in a <u>Bivens</u> case. <u>See</u> <u>Dean v. Gladney</u>, 621 F.2d 1331, 1335-37 (5th Cir. 1980) (rejecting <u>respondeat superior</u> as a basis for liability in <u>Bivens</u> actions); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978)(rejecting <u>respondeat superior</u> as a basis for liability in <u>Bivens</u>-type actions brought pursuant to 42 U.S.C. § 1983). Remedy

8

under Bivens is not available against either defendant in his official capacity. Accordingly, the plaintiff's claim against the defendants must be dismissed.

IV. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the defendants' motion to dismiss is GRANTED and the plaintiff's complaint is DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 16, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE